UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SD, individually and as parent )
and legal guardian of HV, a minor, )
                                   )
           Plaintiff,              )
                                   )
v.                                 ) Civil No. 2:13-cv-00152-NT
                                   )
PORTLAND PUBLIC SCHOOLS,           )
                                   )
           Defendant.              )

**ORDER ON PLAINTIFF'S MOTION
TO SUPPLEMENT THE RECORD**

SD, individually and as parent and legal guardian of HV, a minor, (the "**Plaintiff**") moves pursuant to Section 1415(i)(2)(C)(ii) of the Individuals with Disabilities Education Act ("**IDEA**"), 20 U.S.C. §§ 1400-1482, to supplement the administrative record in her appeal of an administrative hearing officer's ("**AHO**") January 22, 2013 decision concluding that HV received a free appropriate public education during his fifth grade year (2010-2011), and that Defendant Portland Public School's (the "**Defendant**") individualized education plan ("**IEP**") for HV's seventh-grade year (2012-2013) was appropriate.

The AHO's decision followed a four-day administrative hearing in December of 2012 at which HV's language arts teacher, Karen Neidlinger, and Christopher Kaufman, PhD, a licensed psychologist, testified on the Plaintiff's behalf. The Plaintiff now moves to supplement the record with additional documentary and testimonial evidence from Neidlinger and Kaufman. The Defendant does not object to the introduction of an updated academic evaluation from Kaufman, dated June

16, 2013. (ECF Nos. 11-1 and 11-2).[1] The Defendant also does not object to the introduction of school records from Neidlinger, which cover HV's educational progress from January 2013 to August 2013. (ECF Nos. 11-4, 11-5, and 11-6.) Without objection, the Court hereby admits the above-referenced additional evidence.

But the Defendant does object to the Plaintiff's request that the record be supplemented with Neidlinger's affidavit (ECF No. 11-3) and with additional proposed deposition testimony from Neidlinger. The Plaintiff claims that additional testimony from Neidlinger is necessary to decode the meaning of the school records provided to the Court, and the Defendant counters that Neidlinger's testimony impermissibly restates and elaborates upon testimony she could have, or in fact did, provide to the AHO in the December 2012 hearing.

20 U.S.C. § 1415(i)(2)(C)(ii) provides that, in any action brought before the district court, the court "shall hear additional evidence at the request of a party." This clause "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Town of Burlington v. Dep't of Educ. for Commonwealth of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984). But

> in many instances experts who have testified at the administrative hearing will be bringing the court up to date on the child's progress from the time of the hearing to the trial. It would be difficult to draw a sharp line between what had or could have been testified to at the administrative hearing and the trial testimony.

*Id.* at 791. The First Circuit's guidance is quite detailed with regard to this problem:

---

[1] The Plaintiff originally asked to provide supplemental deposition testimony from Kaufman as well, but she does not push this request in her reply, and the Court does not grant it.

2

> The determination of what is "additional" evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. A practicable approach, we believe, is that an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony. In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id.* The Court finds that Neidlinger's testimony regarding HV's progress since December of 2012 would be helpful to bring the Court up to date. But such additional testimony should refrain, so far as practical, from referencing HV's pre-December 2012 academic history. Specifically, and by way of example, the Court shall admit Neidlinger's affidavit with the exception of paragraphs 6 and 7, which dwell on the past rather than reporting on the present. The Court will further allow the Plaintiff to supplement the record with deposition testimony from Neidlinger, to be filed with the Court no later than **Thursday, March 6, 2014**, with the understanding that any such testimony must maintain its focus on HV's academic progress since December of 2012.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 4th day of February, 2014.