# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SD, individually and as parent and legal guardian of HV, a minor, ) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTLAND PUBLIC SCHOOLS, )<br>)<br>Defendant. ) | Civil No. 2:13-cv-00152-JDL |

## ORDER ON REIMBURSEMENT REMEDY

This matter is before the court on the parties' respective memoranda of law (ECF Nos. 30 and 31) concerning the amount of a compensatory education award granted in the court's September 19 Order ("the September 19 Order") (ECF No. 29).

In the September 19 Order, I concluded that the Portland Public Schools ("Portland") failed to provide HV, the minor son of SD, with a free, appropriate public education for his sixth grade year (2011-2012) at Lincoln Middle School in Portland, Maine. Consequently, I also concluded that SD was "entitled to an award of compensatory education for the expenses she incurred in enrolling HV in the Aucocisco School[1] during the 2012-2013 academic year, minus the amount the hearing officer already awarded for HV's attendance at Aucocisco's six-week summer program and for the two-week literacy tutoring and transportation costs." I then

---

[1] The Aucocisco School ("Aucocisco") is a private school in Cape Elizabeth, Maine, which focuses on educating children with learning disabilities.

ordered the parties to confer and determine if they could stipulate to a precise amount of the award.

Counsel now report that they have conferred and stipulated to all of the individual items and amounts that comprise the majority of educational expenses incurred by SD for HV's 2012-2013 placement at Aucocisco. However, the parties disagree over the meaning of the term "academic year" and whether it should be interpreted to include the $10,500 cost of HV's attendance at Aucocisco's 2013 summer program.

Portland argues that the "academic year" means "the regular school year for student attendance [which] runs from around Labor Day through the middle to late June." ECF No. 30 at 2. Portland also argues that the award should not include the cost of the summer program because SD "did not challenge the appropriateness of summer programming offered by Portland" and because the September 19 Order addressed only inadequate programming during the "regular" 2011-2012 academic year. *Id.*

SD, on the other hand, argues that, since the second grade, HV has received extended school year services, thus making every "academic year" an extended one. Therefore, SD argues, the award should continue this pattern and include the $10,500 cost of the 2013 Aucocisco summer program. SD also argues that Portland, in seeking to "truncate HV's compensatory award so that it spans only the typical September to June academic year," fails to recognize that HV's IEP team consistently

2

defined his "academic year" to include a continuation of services from late June through August.  ECF No. 31 at 3.

My review of the record leads me to agree with Portland's interpretation of "academic year."  First, the enrollment contract that SD signed with Aucocisco for HV's seventh grade year defines the "school year" as "beginning in September 2012 and concluding in June 2013 . . . ."  R. 788.  The fact that Aucocisco is a school focused upon educating students with learning disabilities and uses the typical September to June definition of "academic year" cuts against SD's argument that HV's school year is extended because of his learning disability.

Second, SD's own brief tends to contradict her more expansive definition of "academic year" by referring to a line item for $29,900 as tuition for "Sept. 2012 – June 2013."  ECF No. 31-1.  In her earlier brief, SD also stated that she paid $29,900 to Aucocisco "for 2012-2013 tuition" and stated that she provided transportation "for the 2012-2013 school year."  ECF No. 22 at 9-10, ¶¶ 43, 44.

Third, and finally, in the September 19 Order, I deducted from the compensatory education award the hearing officer's previous award of tuition and related expenses for HV's attendance at Aucocisco's summer program in order to ensure that the amount of the award more precisely reflected the cost of tuition for a "typical" September-to-June academic year.  This reflected my finding that Portland failed to properly implement HV's sixth grade IEP starting at the beginning of the sixth grade (when HV was found to have regressed five levels in the Wilson program) and continuing until May 2012 (when HV's IEP team met and amended the IEP).

Thus, the September 19 Order was not intended to award reimbursement of the tuition for HV's attendance at Aucocisco's summer program.

Accordingly, the disputed $10,500 in tuition for HV's attendance at the 2013 Aucocisco summer program and the $679 in claimed transportation costs for the same summer time period are excluded from the award of compensatory education contained in the September 19 Order. With these disputed amounts excluded from the award, the remaining costs listed in SD's "Reimbursement Summary" (ECF No. 31-1) are allowed.[2] I find that the total amount of the compensatory education award contained in the September 19 Order is as follows:

| | |
|---|---:|
| Aucocisco Application fee | $ 25.00 |
| Laptop expense | $ 1,337.00 |
| Aucocisco tuition (2012-2013 academic year) | $ 29,900.00 |
| Transportation expenses (2012-2013 academic year) | $ 3,263.00 |
| Less tuition paid by Portland (Summer 2013) | ($ 7,750.00) |
| Less transportation expenses paid by Portland (Summer 2013) | ($ 576.00) |
| **TOTAL AWARD** | **$ 26,199.00** |

**SO ORDERED.**

Dated: December 11, 2014

/s/ JON D. LEVY
U.S. DISTRICT JUDGE

---

[2] Portland stated in its brief that it does not dispute the remaining costs listed in the Reimbursement Summary. *See* ECF No. 30 at 5.

4